Turner *vs.* Barfield.

McCAY, Judge.

---

MARTHA F. TURNER, plaintiff in error, *vs.* PENELOPE BARFIELD, defendant in error.

When a warrant was sued out by the plaintiff to remove the defendant from her land as an intruder, under the provisions of the Code, and a counter-affidavit being filed, on the trial of the issue in the Superior Court, the jury found a verdict for the plaintiff and the Court granted a new trial in the case:

*Held*, That the Court erred in granting the new trial, as there is no evidence in the record that the defendant in good faith claimed a *legal right* to the possession of the land.

Intruders. New Trial. Before W. A. HAWKINS, Esq., Judge *pro hac vice.* Sumter Superior Court. April Term, 1871.

Mrs. Turner sought to have Penelope Barfield removed from certain land, as an intruder. She filed an affidavit that she claimed a legal right to the possession of the land. The Judge being disqualified to preside, Willis A. Hawkins, Esq., presided by consent. On the trial, Mr. Turner testified that Penelope Barfield frequently, in 1867 and 1868 and since, tried to buy said lot from him, but lately claimed the same under Ambrose Barfield. It was shown that Hugh M. D. King claimed and occupied said land from 1856 to 1859, then sold it to Ambrose Barfield, gave him his bond for titles, and was not paid for the land. Ambrose Barfield occupied the land and built a house upon it. In 1863 Ambrose Barfield went into the army, and gave Mrs. John Barfield permission to occupy the house as long as she pleased, saying he would never come back to it again. She not wishing to occupy the house, it remained vacant a year, and then, by her permission, Mrs. Rushin Barfield took possession of it. Afterwards, in 1864, Penelope Barfield, having no home, was permitted by Mrs. Rushin Barfield to occupy the house with her. In 1865 Mrs. Rushin Barfield moved out, leaving Penelope Barfield in possession.

Hugh M. D. King died before 1860, leaving Susan and James M. D. King, his sole heirs. On the 14th of April, 1863, said heirs conveyed the land to Martha F. Hudson, now Mrs. Turner, and on the 20th of July, 1868, Ambrose Barfield made her a quit-claim title thereto upon his note for the purchase-money being delivered up to him.

Under this evidence the jury found for the plaintiff. Defendant moved for a new trial upon the ground that the verdict was contrary to law and the evidence. Mr. Hawkins granted a new trial, and that is assigned as error.

HAWKINS & GUERRY, for plaintiff in error.

Outlaw *vs.* Christy.

No appearance for defendant.

WARNER, Judge.

This was a warrant sued out by the plaintiff to remove the defendant from her land as an intruder; the defendant filed a counter-affidavit, and on the trial of the case in the Superior Court, the plaintiff proved that Ambrose Barfield purchased the land in 1859, and took a bond for titles thereto, and built a house on it. When Ambrose Barfield went to the war, in 1863, he gave John Barfield's wife permission to occupy the house as long as she pleased, but she did not occupy it, and it remained unoccupied about a year, when Rushin Barfield's wife went into possession of it, by permission of Mrs John Barfield. The defendant being without a home, Mrs. Rushin Barfield, from sympathy, allowed her to come into the house and occupy it with her until some time in 1865, when Mrs. Rushin Barfield moved out, and left the defendant remaining in it. The defendant introduced no evidence. The jury found a verdict for the plaintiff, and the Court below granted a new trial, to which the plaintiff excepted. The Court below erred in granting a new trial in this case, on the ground that there is no evidence in the record that the defendant claimed under any *legal right* the possession of the land.

Judgment reversed.